

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **MARILYN ALLEN,** | ) | **Docket No.:  2022-05-0709A** |
| | ) | **2022-05-0709B** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 800995-2022** |
| | ) | **800996-2022** |
| **FRITO LAY, INC.,** | ) | |
| **Self-Insured Employer.** | ) | **Judge Thomas Wyatt** |

---

### COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

On March 27, 2023, this Court heard Frito Lay, Inc.'s motion for summary judgment on Marilyn Allen's claim for an alleged right-knee injury at work.[1]  Specifically, Frito-Lay contends that it paid no benefits on Ms. Allen's alleged injury, and for that reason, she was required to file suit within one year of the date of her injury.  Because she filed suit more than a year after the dates of injury alleged in this claim, Frito-Lay argues it is entitled to summary judgment.

Ms. Allen claims that her nonsuit of a previous petition, alleging an incorrect date of injury but filed within one year of the dates of injury alleged here, affords relief from the statute of limitations.  She argues that filing this claim with correct dates of injury within the savings period of the nonsuit rule complies with the statute of limitations.  Frito-Lay counters that her refiled case amounts to a new claim with dates of injury outside the one-year statute of limitations, and the Court should dismiss it.

For the reasons below, the Court grants Frito-Lay's Motion for Summary Judgment.

---

[1] Ms. Allen filed a single Petition for Benefit Determination (PBD) alleging two dates of injury.  The Bureau separated the dates of injury into two PBDs, each stating one of the given dates of injury.  Both PBDs were stamped "filed" on July 19, 2022.

1

## History of the Claim

Ms. Allen filed her first petition on March 1, 2021, alleging a February 22, 2021 date of injury. In requesting an Expedited Hearing, she signed an affidavit stating that she experienced pain in her right knee at work on May 11, 2020, and that her knee gave out at work five days later.[2] On April 19, 2022, Ms. Allen filed a notice of nonsuit, and the Court granted a nonsuit, without prejudice, on May 5.

Ms. Allen filed a second petition on July 19, 2022, within the ninety-day savings period provided by the nonsuit statute. In this petition she alleged dates of injury of April 18 and June 13, 2020. She also filed an affidavit explaining that she injured her knee on April 18 while pushing a drum on a cart and on June 13 when her knee gave out while she was climbing a ladder.

Frito-Lay moved for summary judgment asserting Ms. Allen did not file suit within one year of the dates of injury alleged in the present petition.

Frito Lay supported its motion with affidavits filed by Ms. Allen regarding the dates she injured her knee, an affidavit of the handling adjuster stating that Frito-Lay never made payments to or on behalf of Ms. Allen for a right-knee injury, and a Statement of Material Facts containing the pertinent filing and nonsuit dates. Ms. Allen did not file a response, but at the summary judgment hearing, the Court permitted her counsel to address the merits of Frito-Lay's motion.[3]

At the hearing, Frito-Lay argued that dismissal is mandatory because more than one year passed before Ms. Allen filed suit on her alleged April 18 and June 13, 2020 injuries. It contended that Ms. Allen's current claim did not relate back to the filing of the nonsuited petition, which alleged a different date of injury.[4] Frito-Lay maintained that Ms. Allen must show that she filed her petition in this case within one year of the dates of injury alleged in the petition. Since she cannot do so, summary judgment is mandated.

Ms. Allen argued the nonsuit remedy exists to allow a party to correct mistakes in a petition by nonsuiting it and then timely refiling the claim with the correct facts. She contended refiling her claim within the savings period permits her to proceed in this case.

---

[2] Ms. Allen did not amend her PBD to allege these dates of injury.

[3] Frito-Lay argued that Ms. Allen's failure to file a response made its motion unopposed by rule; thus, her counsel should not be allowed to make arguments at the hearing. The Court allowed Ms. Allen's counsel to state her position, because to be granted, an unopposed motion must be meritorious under the facts in the record and the applicable law. *Valladares v. Transco Products, Inc., et al,* 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *15 (July 27, 2016).

[4] Ms. Allen admitted by affidavit that she did not injure her knee on the date stated in the nonsuited PBD. Even if she were to claim differently now, she did not refile on that date of injury within the savings period.

## Law and Analysis

Tennessee Rule of Civil Procedure 56.04 (2022) provides that summary judgment "shall be rendered forthwith if the pleadings . . . and any admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."

Tennessee Code Annotated section 20-16-101 (2022) supplements the summary judgment standard by stating that a party not having the burden of proof at trial shall prevail on a motion for summary judgment if it "(1) [s]ubmits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) [d]emonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."

The essential issue here is whether Ms. Allen filed her suit within the limitations period given by law. Tennessee Code Annotated section 50-6-203(b)(1) requires an employee to file a petition within one year of the date of injury in a case where, as here, the employer has not paid benefits. Thus, Ms. Allen must show that she filed a petition within one year of her date of injury.

The petitions Ms. Allen filed on July 19, 2022, were not filed within one year of the alleged dates of injury—April 18 and June 13, 2020.[5] But resolution of the issue requires more analysis since her non-suited petition was filed within one year of the alleged dates of injury in this case. To avoid summary judgment, Ms. Allen must show that her current claim relates back to the date she filed the nonsuited petition.

Ms. Allen nonsuited her first claim under Tennessee Code Annotated section 50-6-239(c)(3), which reads, "If a party who has filed a request for hearing files a notice of nonsuit of the action, either party shall have ninety (90) days from the date of the order of dismissal to institute an action for recovery of benefits under this chapter." Neither this statute nor Tennessee Compilation Rules and Regulations 0800-02-21-.24 (February 2022) specifically say that the filing date of the refiled case relates back to the filing date of the nonsuited case.

Ms. Allen did not cite supporting authority for her position. Nor did the Court locate any such authority. However, Frito-Lay cited the case of *Banks v. BASF Corp.,* No. 03S01-9306-CV-00038 (Tenn. Workers' Comp. Panel March 23, 1994), which is instructive on this issue.

---

[5] Because Ms. Allen did not respond to Frito-Lay's Statement of Material Facts, the Court considers the facts set forth in the statement to be true. Those facts include the dates pertinent to the issues here. Further, at the hearing, Ms. Allen's counsel stated it did not dispute the dates set forth in the statement.

In *Banks,* an injured worker timely filed a workers' compensation claim but later learned that he alleged the incorrect date of injury. The trial court granted the employee's motion to amend the date of injury in the pending case, which was filed within one year of the correct date of injury. The Workers' Compensation Panel reversed, holding:

> An attempt to allege an accident occurred in the course and scope of employment which is said to have occurred on a date different from the date or dates originally alleged *is an attempt to bring a new cause of action.* Such cause must be brought within the time limit of Tenn. Code Ann. § 50-6-203.

(Emphasis added.)

Based on the above authority, the Court holds that Ms. Allen's petitions alleging new dates of injury constitute new causes of action. The fact that these petitions were filed within the nonsuit savings period is irrelevant, as they allege dates of injury that were never mentioned in the nonsuited case.

When viewed as new causes of action, these petitions contain dates of injury more than a year before the petitions were filed. For that reason, the filings are outside the applicable statute of limitations, and Frito-Lay has rebutted an essential element of Ms. Allen's case. Thus, Frito-Lay is entitled to summary judgment and Ms. Allen's claim is dismissed with prejudice to its refiling.

Frito-Lay or its carrier shall pay the $150 filing fee within five business days from the date of the issuance of this order, and it shall file a completed SD2 documenting the conclusion of the case. Unless appealed, this order shall become final thirty days after entry.

**IT IS ORDERED**.

**ENTERED March 30, 2023.**


*Thomas Wyatt*
_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims\**

4

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent as indicated on March 30, 2023.

| Name | First Class Mail | Email | Service sent to: |
|---|---|---|---|
| Pete Rosen<br>Raymond Fraley, Jr.<br>Employee's Attorneys | | **X** | Prosen@vkbrlaw.com<br>ray@fraleyhill.com<br>carlie@fraleyhill.com |
| John R. Lewis<br>Employer's Attorney | | **X** | john@johnlewisattorney.com |

_Penny Shrum_

_____
Penny Shrum, Court Clerk
**WC.CourtClerk@tn.gov**

5

For notices of appeal filed on or after July 1, 2022.



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

***For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.***

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____  ☐Employer☐Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____ , 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)        RDA 11082